IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MITCHELL CLYDE FARRELL,

      Petitioner,               No. 2:09-cv-3439-WBS-JFM (HC)

  vs.

R.E. BARNES,

      Respondent.

_____/    FINDINGS AND RECOMMENDATIONS

        Petitioner is a state prisoner proceeding through counsel with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. With this petition, petitioner does not challenge his underlying conviction and sentence. Rather, petitioner challenges a finding of guilt following a prison disciplinary hearing held on November 29, 2008. Although initially charged with theft, a "serious" violation, petitioner was found guilty of an administrative violation, "Unauthorized acquisition of state property valued at $50 or less," in violation of 15 Cal. Code Regs. tit. 15, § 3006. Petitioner was assessed no loss of good time credit. Petitioner claims his due process and equal protection rights were violated.

        On February 26, 2010, respondent filed a motion to dismiss for failure to state cognizable grounds for federal habeas relief. Petitioner filed an opposition to the motion, and respondent has filed a reply. (Docket Nos. 13 & 14.)

1

Upon review of the motion and the documents in support and in opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

## PROCEDURAL HISTORY

Petitioner filed a petition for writ of habeas corpus on December 11, 2009. Therein, petitioner challenges a finding of guilt following a hearing in which petitioner was initially charged with theft, a "serious" violation. (See Pet., Ex. A.) According to the Rule Violation Report ("RVR"), an unidentified correctional officer observed petitioner passing a brown paper bag, which was later confirmed to contain fourteen bars of State-issued soap, to another inmate on November 18, 2008. (See Pet., Ex. B.) At the disciplinary hearing, petitioner claimed he did not steal the soap, but was given the paper bag by one inmate to give to another. He sought to call these two inmates as witnesses for the purpose of testifying that petitioner did not steal. The hearing officer, however, did not call them as witnesses and instead accepted their written affidavits, wherein they both stated that petitioner did not steal the soap, but was given the paper bag by one inmate to give to the other. Based on the evidence before the hearing board, petitioner was found guilty of the lesser, administrative offense of "Acquisition of state property valued at $50 or less." As punishment, petitioner was counseled and reprimanded.

Petitioner brings his petition on due process and equal protection grounds, claiming that he was denied the right to call witnesses, the RVR was based on hearsay, and he was discriminated against because of his race (the two inmates who admitted to involvement in the incident and who are not Caucasian were not charged with any crime, but petitioner, who is Caucasian, was charged). Petitioner brings his claims in this habeas petition because he contends the disciplinary violation will affect his future parole eligibility.

On February 26, 2010, respondent filed a motion to dismiss. On April 22, 2010, petitioner filed an opposition. On May 3, 2010, respondent filed a reply.

/////

/////

## RESPONDENT'S MOTION TO DISMISS

Respondent seeks dismissal of the petition on three grounds. First, respondent argues petitioner's due process claims fail to state grounds for relief because he failed to show he was deprived of any federally protected liberty interest. Second, respondent contends the petition should be dismissed because petitioner has not shown how success on this petition would shorten the duration of his confinement. Finally, respondent seeks dismissal of petitioner's equal protection claim on the ground that petitioner failed to show a real possibility of constitutional error.

## STANDARDS FOR A MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

On August 11, 2009, plaintiff received the notice required by Wyatt v. Terhune, 305 F.3d 1033 (9th Cir. 2002), for opposing a motion to dismiss for failure to exhaust administrative remedies pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

/////

/////

ANALYSIS

The court finds that the dispositive issue here is whether petitioner's claims are appropriately brought in a habeas petition. It is evident that petitioner is not contesting the fact or duration of his confinement. Instead, petitioner is contesting a finding of guilt following a disciplinary hearing in which no good time credits were revoked. Petitioner argues that the disciplinary action may adversely affect his chances of a future parole suitability finding.

While the Constitution does not guarantee good-time credits for acceptable behavior while in prison, Wolff v. McDonnell, 418 U.S. 539, 557 (1974), the Supreme Court has held that where the state has created a right to earn credits, "due process requires procedural protections before a prison inmate can be deprived of a protected liberty interest in good time credits." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 453 (1985) (citing Wolff, 418 U.S. at 557). Thus, an inmate who is deprived of good-time credits without first having been afforded procedural due process may challenge the loss in a federal habeas petition. Wolff, 418 U.S. at 557. However, petitioner makes no such claim in this case and, in fact, he was not deprived of any good-time credits as a result of this incident.

Furthermore, although petitioner argues that his chances for future parole eligibility may be negatively affected by the disciplinary action, the Supreme Court has held that the mere possibility of an adverse parole decision does not implicate a liberty interest:

> Nothing . . . requires the parole board to deny parole in the face of a misconduct record or to grant parole in its absence, even though misconduct is by regulation a relevant consideration. The decision to release a prisoner rests on a myriad of considerations. And, the prisoner is afforded procedural protection at his parole hearing in order to explain the circumstances behind his misconduct record. The chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause.

Sandin v. Conner, 515 U.S. 472, 487 (1995) (citations omitted).

Therefore, this court recommends that the petition be dismissed for lack of jurisdiction. Petitioner's claims are more appropriately raised by way of complaint pursuant to 42 U.S.C. § 1983.

4

Having determined that the court is without jurisdiction over the petition, the court need not address respondent's remaining arguments.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's February 26, 2010 motion to dismiss be granted; and

2. Petitioner's December 11, 2009 petition for writ of habeas corpus be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 28, 2010.

UNITED STATES MAGISTRATE JUDGE

/014.farr3439.mtd